## ALLEN *v.* MIDDLETON.

1. An execution issued upon the foreclosure (regular in all respects) of a laborer's lien is, as to a claimant of property levied on thereunder, final process, and upon the trial of a claim case arising upon the levy of such an execution, it is not necessary for the plaintiff to prove either the amount of his debt, or the existence of his lien.
2. There was sufficient evidence to sustain the verdict, and the trial judge being satisfied with it, this court will not interfere.

Argued November 17,—Decided November 23, 1896.

Levy and claim. Before Judge Fish. Stewart superior court. April term, 1896.

A laborer's lien *fi. fa.* in favor of W. A. Middleton against Reuben Middleton was levied upon certain personalty which was claimed by Rufus Allen. There was a verdict finding the property levied on subject. Claimant's motion for a new trial was overruled, and he excepted. The motion was upon the grounds that the verdict was contrary to law, evidence, etc. Further, because the court erred in refusing to charge: "It is necessary for the plaintiff to show that his contract of labor was performed and completed, and that after that time he had made demand upon the party for whom the work was done; and this demand, in order to set up a lien against a purchaser, must have been made before the purchase." And because the court erred in charging, that it was not necessary for the plaintiff to make any demand upon the defendant in order to defeat the claimant's right, provided the claimant was put upon notice of the lien. The court charged the jury that the execution issued upon the foreclosure of the laborer's lien was final process unless met by counter-affidavit, and there was no counter-affidavit in this case; that therefore it was not necessary for the plaintiff to prove, in this case, that he had made a demand upon the defendant; that if claimant had notice of plaintiff's lien at the time claimant purchased the crop, then the jury would be authorized to find the property subject, but if claimant was a *bona fide* purchaser without notice, he would be protected, and they should find the property not subject.

*Clarke & Hooper*, for plaintiff in error.

*J. B. Hudson*, contra.

ATKINSON, Justice.

1. By the act of 1873 it is provided, "That laborers shall have a general lien upon the property of their employers, liable to levy and sale, for their labor, which is hereby declared to be superior to all other liens, except liens for taxes, the special lien of landlords on yearly crops, and such

other liens as are hereinafter declared superior to them. Laborers shall also have a special lien on the products of their labor, superior to all other liens, except liens for taxes, and special liens of landlords on yearly crops, to which they shall be inferior. Liens of laborers shall arise upon the completion of their contract of labor, but shall not exist against *bona fide* purchasers without notice, until the same are reduced to execution, and levied by an officer." See Code, §§1974, 1975, 1976.

Code, §1991(3) provides for the enforcement of liens on personalty as follows: "The person prosecuting such lien, either for himself or as guardian, administrator, executor or trustee, must, by himself, agent or attorney, make affidavit before a judge of the superior court, or the ordinary of the county in which the personal property may be, or the defendant may reside, showing all the facts necessary to constitute a lien under this code, and the amount claimed to be due, If the amount claimed is under one hundred dollars, the application may be made to a justice of the peace, who may take all the other steps hereinafter prescribed, as in other cases in his court. Upon such affidavit being filed, if before a judge of the superior court, or the ordinary, with the clerk of the superior court of said county, it shall be the duty of the clerk to issue an execution instanter against the person owing the debt, and also against the property on which the lien is claimed, or which is subject to said lien, for the amount sworn to and the costs, which execution, when issued, shall be levied by any sheriff of this State, or bailiff, if the amount be less than one hundred dollars," etc. In the same section, subdivision 4, it is provided that, "If the person defendant in such execution, or any creditor of such defendant, contests the amount or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the grounds of such denial, which affidavit shall form an issue to be returned to the court and tried as other cases."

In the present case neither the defendant Reuben Middleton, nor any creditor of his, filed a counter-affidavit contesting the justice of the plaintiff's claim, or the existence of his lien.   They are the only persons authorized by law to raise this issue.   It therefore results that, under the 3d subdivision of the section of the code above quoted, an execution issued upon the foreclosure regular in all respects of a laborer's lien is, as to a claimant of property levied on thereunder, final process; for it expressly provides that the clerk of the superior court, or justice of the peace if in his court, *issue an execution instanter*, etc.   No counter-affidavit was filed as provided by law, and hence upon the trial of a claim case arising upon the levy of such an execution, it is not necessary for the plaintiff to prove either the amount of his debt, or the existence of his lien.

2. The question as to whether or not claimant had notice of the existence of plaintiff's lien at the time he purchased the crop, was purely one of fact, and hence exclusively within the province of the jury.   The court having properly instructed the jury, there being sufficient evidence to sustain the verdict and the trial judge being satisfied with it, this court will not interfere.      *Judgment affirmed.*